IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL SAMA, *et al*,
    *Plaintiffs*,

v.

TURNING POINT, INC., *et al*,
    *Defendants*

Civil Action Nos.
22-cv-2344-JMC

**MEMORANDUM OPINION**

Carl Sama and Paddy Menkem (collectively, "Plaintiffs") sued their former employer, Turning Point, Inc., and its president, Rev. Milton Emanuel Williams, Jr., (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and analogous state law. Pending and ripe for review is the parties' joint motion for approval of their settlement agreement. *See* ECF No. 66 ("Jt. Mot."). The settlement amount and terms are reasonable and fair, and resolve a *bona fide* dispute between the parties. The requested attorneys' fees and costs are also reasonable. Accordingly, the Court will grant the parties' motion.

**I.      BACKGROUND**

Turning Point is a substance abuse treatment clinic in Baltimore, Maryland. *See* ECF No. 66-1 ("Jt. Mem.") at 1. Plaintiffs allege that they worked at the facility as licensed practical nurses, non-exempt employees entitled to overtime pay, and were unlawfully denied overtime compensation for the overtime work they performed. *Id*. at 1-2. Plaintiffs filed separate actions with identical claims in September 2022, alleging violations of the overtime provisions of the FLSA, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et*

*seq*. *See Sama v. Turning Point, Inc et al*, 22-cv-2344-JMC, ECF No. 1, ¶¶ 22-42; *Menkem v. Turning Point, Inc. et al*, 22-cv-2345-MMJM, ECF No. 1, ¶¶ 22-42. The cases were consolidated in December 2023, and the parties appeared before me for a settlement conference. The parties reached a settlement, and then filed the now-pending motion, along with their supporting brief, *see* Jt. Mem., and a copy of their proposed settlement agreement. *See* ECF No. 66-2 (the "Agreement").

The proposed gross settlement amount is $103,500, including attorneys' fees. *Id*. ¶ 1. The Agreement provides that, upon the Court's approval of the parties' settlement, Defendants shall make nine consecutive monthly installments of $11,500, comprised of $6,222.22 to Plaintiffs (divided equally between Mr. Sama and Mr. Menkem), and $5,277.77 to Plaintiffs' counsel, with the first monthly payment due 14 days after approval of the settlement. *Id*. To accommodate certain deductions and withholdings required by law, the payments to each plaintiff "will be allocated as 50% W-2 income and 50% 1099 income." *Id*.

The Agreement also contains a general release. *Id*. ¶ 3. Excluding "any rights or claims that, as a matter of law, cannot be released or waived," Plaintiffs have agreed to "release[] and forever discharge[] Defendants . . . from . . . all liability, damages, actions, and claims of any kind whatsoever." *Id*. ¶ 3.

## II. DISCUSSION

Congress enacted the FLSA to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, the statute's provisions generally cannot be waived or modified by contract or settlement. *See id*. at 707. Settlement "is not entirely forbidden in FLSA cases," however, as court-approved agreements are an exception

to this rule. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010); *see also* 29 U.S.C. § 216(b). But such settlements must "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, DKC–12–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not established a definitive rubric for determining the propriety of a settlement of FLSA claims, but district courts in this circuit have adopted the considerations set forth in the Eleventh Circuit's *Lynn's Food Stores* case. *See, e.g.*, *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014). Under this approach, the Court determines whether a settlement provides "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Courts first confirm there are FLSA issues "actually in dispute," *id.* at 1354, by reviewing the pleadings and "the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Next, courts assess the fairness and reasonableness of a settlement itself, which involves considering all relevant factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are usually satisfied if there is an "assurance of an adversarial context," and the employee is "represented by

3

an attorney who can protect [his or her] rights under the statute." *Duprey*, 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354). Finally, courts consider whether the attorneys' fees and costs requested as part of the settlement are reasonable. *Id.*

### A. *Bona Fide* Dispute

The parties assert in their joint motion that a *bona fide* dispute exists. *See* Jt. Mot. at 5. The relevant pleadings and filings support that contention. Although there is agreement as to the number of hours Plaintiffs worked, their hourly rates of pay, and "the calculations of regular and liquidated damages for both two- and three-year statute of limitations periods," the parties do not agree on much else. *Id.* Defendants deny liability and, if Plaintiffs prevailed on liability, dispute both whether Plaintiffs would be entitled to liquidated damages, and whether Plaintiffs would be able to establish willful violations of the employment statutes, permitting recovery from a three-year period of recovery rather than two years. *Id.* at 6-7. Given Defendants' denial of the allegations and the parties' overall disagreement, the Court finds there is a *bona fide* dispute under the FLSA. *See, e.g.*, *Lomascolo*, 2009 WL 3094955, at *16 ("A *bona fide* dispute exists when an employee makes a claim that he or she is entitled to overtime payment.").

### B. **Fairness and Reasonableness of Settlement Terms**

The Court is also satisfied that the parties' proposed settlement represents a fair and reasonable compromise of their *bona fide* dispute. The Agreement does not appear to be the product of fraud or collusion. *See id.* at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Although the parties did not engage in formal discovery, they maintain that their decision has been a deliberate and economically driven one. Jt. Mot. at 8. They also agree that the proposed settlement amount exceeds Plaintiffs' claim for unpaid overtime wages. *Id.* Thus, settlement at this stage of the

proceedings is to the parties' mutual benefit, as they will avoid the time, expense, and uncertainty of further litigation. *Id*. at 7. Plaintiffs are both represented by competent counsel, whose firm "focuses on representing employees in employment matters, including [FLSA] actions, among others." ECF No. 66-3 ¶ 2. Given the disputed material facts and acknowledged risks of litigation, the Court is convinced that the settlement amount "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

General release language can render an FLSA settlement agreement unreasonable. *See Duprey*, 30 F. Supp. 3d at 410 (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)). But such language is not fatal in this case. Where, as here, the "employee is compensated reasonably for the release executed, the settlement can be accepted" and the Court need not consider the "reasonableness of the settlement as to the non-FLSA claims." *Id*.

Having considered the parties' submissions and the relevant controlling factors, the Court finds the settlement amount and terms to be fair and reasonable.

C.   **Attorneys' Fees**

The Court next determines the reasonableness of attorneys' fees and costs awarded in the proposed settlement, the last step of the settlement analysis. *See, e.g.*, *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). Plaintiffs counsel seeks $47,500 in attorneys' fees and costs. *See* Agreement ¶ 1. This amount is reasonable.

The Court determines the reasonableness of attorneys' fees using "the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (quoting *Poulin v. General Dynamics Shared Resources, Inc*., No. 3:09–cv–00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)). The lodestar amount is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Under the lodestar approach, an hourly rate "is reasonable if it is

5

'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains rough guidelines regarding appropriate hourly rates in Appendix B to its Local Rules, although some time has passed since those rates were updated, and higher rates can be reasonable. *See* U.S. Dist. Ct., D. Md., Local Rules (D. Md. Jul. 2023).

The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of attorneys' fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Plaintiffs' counsel, Jay Stafford, Kwabena Owusu-Koduah, and Alex Dornacker, represent that they have collectively performed over 420 hours of work on this case, including paralegal support, for a lodestar amount totaling more than $90,000, and comprised as follows (*see* Jt. Mot. at 10; ECF No. 66-3 ¶ 5):

| Legal Representative | Hours | Standard rate | Total lodestar |
|---|---|---|---|
| Jay Stafford (attorney, 16 years' experience) | 92.3 | $350 | $32,305.00 |
| Kwabena Owusu-Koduah (attorney, 4 years' experience) | 130.4 | $225 | $29,340.00 |
| Alex Dornacker (attorney, 1 year experience) | 34.7 | $225 | $7,807.50 |
| Camey Turpin (paralegal) | 165.4 | $150 | $24,810.00 |
| | | **Total** | $94,262.50 |

The proposed hourly rates are all within those deemed presumptively reasonable in this jurisdiction's Local Rules. *See Saman*, 2013 WL 2949047, at *7 ("[A]ny request for attorneys' fees must comport with the requirements and comport with the requirements and guidance set forth in Local Rule 109 and Appendix B to the Local Rules."). Counsel attests to accumulating these hours in pre-suit investigation and preparation, informal discovery, and settlement negation. ECF No. 66-3 ¶ 7; Jt. Mem. at 10. Counsel also have agreed to accept a $47,500 legal fee award, payable over time, although the fees for their services total almost double that amount. Jt. Mot. at 10. Given the work counsel claims to have performed and the reduction in fees they are willing to accept, the Court finds the attorneys' fees are fair and reasonable.

Having considered the relevant factors, the Court concludes the standard for approval of the settlement is satisfied. The proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. The attorneys' fees and costs are also fair and reasonable. The settlement will be approved, and the requested fees will be awarded in full.

## CONCLUSION

For the reasons stated above, the parties' joint motion for final approval of the settlement will be granted. A separate order will follow.

Date: August 16, 2024                                   /s/
                                                    Adam B. Abelson
                                                    United States Magistrate Judge